THE MAJORIE FIRM LTD.  
Francis B. Majorie  
*Pro Hac Vice* (Per BK Dkt. 1915 ¶ 153)  
3514 Cedar Springs Road  
Dallas, TX 75219  
Telephone: (214) 522-7400  
Fax Number: (214) 522-7911  
Attorneys For Plaintiff Todd Hansen

**Electronically Filed: August 6, 2013**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>      Debtor.<br><hr>Affects:<br>    All Debtors<br><hr>TODD HANSEN, as TDI Representative under the Order entered September 20, 2012;<br><br>      Plaintiffs,<br>vs.<br><br>KENNETH E. SCHMIDT,<br><br>      Defendant. | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Chapter 7<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>AP Case No. 13-01071<br><br>**MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**<br><br>Ctrm:  RCJ-Courtroom 6<br>         Bruce R. Thompson Federal Building<br>         400 S. Virginia<br>         Reno, NV 89501<br>Judge: Hon. Robert C. Jones |

Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff Todd Hansen ("Plaintiff" or "Hansen") in his capacity as "TDI Representative" for the Direct Lenders in the "Binford Medical" USACM-originated loan ("Binford Loan") pursuant to the Order entered in the above-

1

referenced jointly administered bankruptcy case (ARC BK Doc. 1937) respectfully moves this Court for the entry of summary judgment, as follows:

## I.

## **THE MOTION**

The Plaintiff files this motion for summary judgment seeking the total amount of indebtedness due under an Unconditional Repayment And Completion Guaranty (the "Guaranty") executed by defendant Kenneth E. Schmidt ("Schmidt" or "Defendant" or "Guarantor") in connection with what is generally known as the "Binford Loan." Among other things, the Guaranty requires Schmidt to pay all sums due and owing under a Promissory Note Secured By Mortgage (the "Note"), all sums secured by a Mortgage, Assignment of Leases, Rents and Contracts, Security Agreement, Financing Statement and Fixture Filing, and amendments and other documents (the "Binford Loan Documents") executed by Binford Medical Developments, LLC ("Binford Medical") as the borrower. Binford Medical is not being sued in this case, which is being brought solely under the Guaranty.

The total amount of indebtedness currently due by Defendant under the Guaranty is **$28,226,432.67** ("Principal and Pre-judgment Interest") with interest accruing on the principal amount at the rate of **$4,070.33** per diem. Plaintiff seeks summary judgment on a "whole loan" basis pursuant to his appointment under NRS645B.340 by the holders of more than fifty one percent of the beneficial "direct lender" interests in the Binford Loan. Plaintiff is himself a holder of interests in the Binford Loan (including the Guaranty). The chapter 7 bankruptcy estate of Asset Resolution, LLC (the "Estate") in the above-referenced bankruptcy is also a direct lender in the Binford Loan. As shown below and established in the evidence submitted in connection with this motion, Defendant is liable in the summary judgment amount to each direct lender in the percentage of that direct lender's interest as a matter of law and undisputed fact.

## II.

## **THE PLEADINGS**

The Complaint seeks recovery for breach of a Guaranty executed by Schmidt in favor of the direct lenders. See Doc. 1. A copy of that Guaranty is attached as Exhibit E to Plaintiff's Statement of Facts. The Complaint seeks the total amount of indebtedness owed under the Binford Loan Documents, including: (1) payment for the amounts due for principal and interest under the Note; (2) reimbursements of Protective Advances paid to protect the real estate collateral from foreclosure for unpaid property taxes under the Mortgage; (3) monies received by the borrower arising out of the receipt and/or misappropriation of rents; and, (4) attorney's fees and costs.[1] See Doc. 1 (Complaint) ¶¶ 87-98

The Defendant filed his Answer on June 12, 2013. See Doc. 10. The Answer admits that the Court has jurisdiction over this adversary proceeding and that the substantive law of Nevada controls the claims under the Guaranty. See Doc. 10 (Answer) ¶ 1. The Answer does not plead any affirmative defenses or counterclaims. Id. This is not surprising. Section 1(a) of the Guaranty unequivocally states that the total indebtedness of the borrower:

> [C]onstitute[] the direct obligation of Guarantor, regardless of any defenses or rights of set off or counterclaim which Borrower may have or assert, and regardless of whether any person shall have taken any steps to enforce any rights against Borrower or the property covered by the Mortgage or any other person to collect such sum, and regardless of any other condition or contingency."

In addition, Section 4(e) (iv) and (v) waive:

(1)   Defendant Guarantor's right to any "notice of acceptance of this Guaranty, presentment, demand for payment, protest, notice of default or nonpayment, notice of dishonor and all other notices and demands."

---

[1] The Complaint recognizes four obligations under the Guaranty. This motion seeks summary judgment on two of the four. Pursuant to LR 54-16, Plaintiff reserves his right to move for attorney's fees within fourteen (14) days after entry of the final judgment or other order disposing of the action. See LR 54-16; see also LR 7054 (applying LR 54-16 to adversary proceedings). In addition, Plaintiff reserves his right to dismiss the fourth claim (for misappropriated rents) so final judgment may be entered by the Court.

(2) Defendant Guarantor's "rights and defenses he may have" pursuant to NRS 40.430, 100.040 and 100.50.

See Ex. E (Guaranty).

### III.

### EVIDENCE SUPPORTING THIS SUMMARY JUDGMENT MOTION

Pursuant to Local Rule 7056 in support of its motion, Plaintiff is concurrently filing its statement of undisputed facts (the "Statement of Facts") in support of this motion. Attached thereto as Exhibits A through G are:

(1) A Declaration of Todd Hansen in support of the Statement of Facts (Ex. A);

(2) Copies of some of the Binford Loan Documents (Ex. B through D);

(3) A copy of the executed guaranty (Ex. E); and

(4) A Courtesy copy of this Court' opinion in McKnight vs. Barkett, Case No. 2:10-cv-01617 (Order)[Doc. 48](Ex. F).

References in this motion to "Ex. __" are to the exhibits attached to the Statement of Facts. This motion also relies on the docket in the case, the Complaint, and the Answer which is on file (and of which Plaintiff asks the Court to take judicial notice).

### IV.

### SUMMARY JUDGMENT STANDARD

The Court must grant summary judgment upon a showing by the movant of "no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." See FRCP 56(a). A fact is "material" if it could affect the outcome of the suit under governing substantive law with the moving party bearing the initial burden of demonstrating the absence of such material facts. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Once the moving party meets its burden, the burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue of material fact necessitating a trial.

See Celotex Corp. v. Catrett, 477 U.S. 317,324 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposition must include much more than a "scintilla of evidence" to support the presence of a genuine dispute over a material fact. See Anderson, 477 U.S. at 252. As this Court has itself ruled when granting summary judgment under another USACM-loan related guaranty: the non-moving party's "opposition [to summary judgment] must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial." See McKnight vs. Barkett, Case No. 2:10-cv-01617 (Order)[Doc. 48](Ex. G) at 8/lines 2-10 (D. Nevada 07-26-2011) (internal citations omitted). "If the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted" in favor of the moving party. Id.

## IV.

## **SCHMIDT IS LIABLE FOR BREACH OF HIS GUARANTY**

Section 4(b) of the Guaranty provides that the Guaranty shall be governed by and construed in accordance with the laws of the State of Nevada. Nevada law provides that a guaranty is enforceable in the same manner as any other contract. See Dobron v. Bunch, 125 Nev. 460, 461-462 (Nev. 2009). The elements for a breach of contract in Nevada are: (1) the existence of a valid contract; (2) a breach by the defendant; and, (3) damage as a result thereon. See Saini v. International Game Tech., 434 F.Supp.2d 913, 919-20 (D. Nev. 2006). All of the elements for a breach of contract (the Guaranty) are established in the record.

First, it is undisputed that Schmidt signed the Guaranty which is attached as Exhibit E. See (Statement of Facts) ¶ 1; see also Ex. E (Guaranty) at page 8.

Second, the obligations of the Guarantor are unequivocally stated in Section 1 of the Guaranty. Section 1(a) states:

5

> "Guarantor unconditionally guarantees that all sums of whatever character, stated in the Note or the Mortgage to be payable by the Borrower, including, without limitation, actual reasonable attorneys' fees whether or not suit is filed, and whether or not denied by a court in an action between Lender and Borrower, or between Lender and anyone else with respect to enforcing Borrower's obligations under the Loan Documents, will be promptly paid in full when due, whether by acceleration or otherwise, in accordance with the provisions thereof.
>
> ****
>
> **This Guaranty is unconditional, absolute and continuing**, and if for any reason any such sum shall not be paid promptly when due, Guarantor will immediately pay the same to the person entitled thereto…including principal and interest, as if such sums constituted the direct and primary obligation of Guarantor. (Bold added)

Section 1(c) states that that "Guarantor unconditionally guarantees that Borrower will perform and observe **each agreement, covenant, term and condition of the Note and the Mortgage to be performed or observed by Borrower...**" (Bold added.)   See (Statement of Facts) ¶¶ 2-3; see also Ex. E (Guaranty) Section 1(a) and (c).

Third, the "failure to perform one's obligations within the express terms of [the contract]" constitutes a breach. Saini 434 F.Supp.2d 913 at 919-20.  As set-forth above, Section 1(a) of the Guaranty "unconditionally guarantees" the full payment of all sums of whatever character due the Direct Lenders of the Binford Loan Documents.  Plaintiff's declaration (Ex. A) establishes that the following breaches have occurred under the Loan Documents and the following sums are due and owing under the Guaranty:

- **Principal And Interest Of The Binford Loan**.      In his declaration, Hansen affirms that the principal amount due on the Note is **$6.95** million with interest accruing on a per diem basis on an interest rate of 20% per annum.  See (Statement of Facts) ¶¶ 7-8; see also Ex. A (Hansen Dec.) ¶ 15.  In his declaration, Hansen also confirms that this amount has not been paid by the borrower or the guarantor.  See (Statement of Facts) ¶ 5;

6

see also Ex. A (Hansen Dec.) ¶ 13.

- **Reimbursements For Protective Advances.** Section 3.04 of the Mortgage allows the Direct Lenders to disburse "Protective Advances" in order to "preserve, maintain, repair, restore" the Property. Such "Protective Advances" have the "same priority as the indebtedness evidenced by the Note" and are subject to the default rate of interest established in the Note. In his declaration, Hansen affirms that the amount of Protective advances made on behalf of the Direct Lenders total **$478,356.11**. The last of these advances occurred on September 18, 2012. See (Statement of Facts) ¶7; see also Ex. A (Hansen Dec.) ¶15. In his declaration, Hansen also confirms that this amount has not been paid by the borrower or the guarantor. See (Statement of Facts) ¶ 5; see also Ex. A (Hansen Dec.) ¶¶ 13-15.

The Court therefore should enter summary judgment against Defendant in the amount of **$28,226,432.67** in favor of the Plaintiff as TDI Representative for the benefit of all of the direct lenders holding interests in the Guaranty.

## V.

## CONCLUSION

For the reasons set-forth above, the Court should: (a) grant this summary judgment motion; (b) enter summary judgment in favor of the Plaintiff for the total amount of principal indebtedness in the amount of **$7,428,356.11**, pre-judgment interest indebtedness in the amount of **$20,798,076.56**; (c) include an award of post-judgment interest in the summary judgment as supported by the law; (d) assess all costs against Defendant; and (e) grant Plaintiff such other relief to which Plaintiff proves entitled under the law and the facts.

Dated: August 6, 2013

Dallas, Texas

**THE MAJORIE FIRM LTD.**

By: <u>/s/ Francis B. Majorie</u>
      Francis B. Majorie
*Pro Hac Vice* (Per Bk Dkt. 1915 ¶ 153)
3514 Cedar Springs Road
Dallas, Texas 75219
214-522-7400 (Phone)
214-522-7911 (Fax)
fbmajorie@themajoriefirm.com

Attorneys for Plaintiff Todd Hansen
As TDI Representative